IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

|  |  |  |
|---|---|---|
| DANIEL LEE HOLTERMAN,<br>SID #2157980, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-1790-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MARK NOOTH, Superintendent, SRCI;<br>GARTH GULICK, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

       Daniel Lee Holterman
       #2157980
       Snake River Correctional Institution
       777 Stanton Boulevard
       Ontario, OR 97914-8335

             Pro Se Plaintiff

       Hardy Myers
       Attorney General

Page 1 - OPINION AND ORDER

Joseph G. Groshong
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096
      Attorneys for Defendants

KING, Judge:

Plaintiff Daniel Holterman alleges a claim against Garth Gulick, M.D., for violating

Holterman's constitutional rights by failing to treat his hernia during his incarceration at Snake

River Correctional Institution ("SRCI").  I previously dismissed the claim against the

Superintendent of SRCI and any claims concerning the execution of Holterman's sentence.

Before the court is Defendant's Unenumerated Federal Rule of Civil Procedure 12(b)(6) Motion

to Dismiss (#11).  For the reasons below, I grant the motion.

## DISCUSSION

Gulick argues that the claim against him must be dismissed because Holterman failed to

exhaust his administrative grievance remedies prior to filing this action, as required by 42 U.S.C.

§ 1997(e).

The Prison Litigation Reform Act ("PLRA") states:  "No action shall be brought with

respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA exhaustion

requirement requires "proper exhaustion," which means compliance with all deadlines and "other

critical procedural rules."  Woodford v. Ngo, 548 U.S. 81, 90, 93, 126 S. Ct. 2378 (2006).

Grievances are processed in accordance with the ODOC Administrative Rules for Inmate Communication and Grievance Review System. Inmates are encouraged to talk to first line staff as their primary way to resolve disputes and, if not satisfied, to use a written inmate communication form. OAR 291-109-0100(3)(a). If this does not resolve the issue, the inmate may file a grievance if it complies with the rules. OAR 291-109-0140(1)(a).

Inmates may grieve: (1) the misapplication of or lack of any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee or volunteer; and (3) any oversight or error affecting an inmate. OAR 291-109-0140(2)(a)-(f). A grievance must be filed within 30 days of the incident. OAR 291-109-0150(2) Once the inmate grievance has been logged, the grievance coordinator sends a receipt to the inmate. OAR 291-109-0160(1)(a).

An inmate may appeal a grievance response to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. OAR 291-109-0170(1)(a) and (b). The inmate will receive a return receipt. OAR 291-109-0170(1)(a). If still not satisfied, the inmate may appeal the functional unit manager's decision by completing another grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. Again, the inmate will receive a return receipt. OAR 291-109-0170(2)(a). This final appeal is decided by an assistant director having authority over the issue. OAR 291-109-0170(2)(a)-(c).

Teresa Hicks, Grievance Coordinator at SRCI, testifies that, with the exception of a few months here and there when Holterman was transferred to another institution, he has been housed at SRCI since October 2001. When Hicks searched the ODOC grievance records, she did not

Page 3 - OPINION AND ORDER

find any grievance Holterman filed about a hernia condition or against Dr. Gulick.  Hicks did

find grievances filed by Holterman concerning shower privileges, hearing aids, powder for his

leg, cataract issues, epilepsy, denial of food with medications, dental issues, medication refill

delay, and medical transport.  Thus, there is no evidence that Holterman exhausted his

nonjudicial remedies.

In response to the motion to dismiss, Holterman filed two documents.  One is entitled

Complaint for Denial to Courts.  It is drafted like a Complaint, with jurisdiction and venue

paragraphs, factual allegations, and a prayer for relief.  In it, Holterman claims he has been

denied access to the courts in his efforts to move this litigation forward and get his hernia

repaired.  If Holterman seeks to amend his Complaint to add this claim, I deny his request.  Any

problems with access to the courts did not prevent Holterman from complying with the

exhaustion requirement by filing a grievance at the prison.  If Holterman wants to prosecute a

claim for access to the courts, he will have to file a new case.

In the second document filed in response, Answer to Motion to Dismiss, Holterman

claims that he has exhausted the hernia issue all the way to Judge Barber at the Marion County

Circuit Court.  Although I do not know the details of this, it is not proof that he filed a grievance

under the procedures at SRCI.  Holterman also argues that he has been moved between

institutions to prevent him from litigating this issue and that he has had grievances returned for

the reason that "[o]nly one grievance per incident/issue per inmate will be allowed."  Answer to

Mot. to Dismiss Ex. 1.  Again, neither of these arguments are evidence that Holterman filed a

grievance about his hernia and Dr. Gulick's lack of care.  Even if Holterman has spent time

housed at other institutions, he could have filed a grievance there.  He does not claim that he did so.

Accordingly, Holterman has not complied with the PLRA administrative exhaustion requirement.  I dismiss the claim alleged against Gulick without prejudice.

## CONCLUSION

Defendant's Unenumerated Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss (#11) is granted.  The only remaining claim alleged against Gulick is dismissed without prejudice.

IT IS SO ORDERED.

Dated this _____3rd_____ day of October, 2008.


      /s/ Garr M. King_____

Garr M. King
United States District Judge

Page 5 - OPINION AND ORDER